[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
 FACTS
The plaintiff, Jose Perez, as administrator of the estate of Carmen Apolinar Martinez Ruiz (Martinez), filed a one count complaint against the defendant, Earthgro, Inc. (Earthgro), on February 10, 1999. The complaint seeks damages for the alleged wrongful death of Martinez, which CT Page 8273 occurred on Earthgro's facility, while Martinez was employed by Earthgro. The complaint alleges that as a direct and proximate result of Earthgro's willful, serious and intentional misconduct, Martinez became entangled between a machine's steel roller and conveyer belt, resulting in his death.[1]
On February 2, 2000, the defendant filed an answer containing three special defenses. The first special defense states that the plaintiff has failed to state a claim upon which relief can be granted.; the second special defense states that the plaintiff's claims are barred by the exclusivity provisions of the Workers' Compensation Act; and the third special defense alleges that the plaintiff's death was caused by his own culpable conduct and/or carelessness and negligence. On February 10, 2000, the plaintiff filed a motion to strike the defendant's special defenses and a memorandum of law. The defendant filed a memorandum in opposition.
 DISCUSSION
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." City v. Dana Investmentcorporation, 249 Conn. 1, 17, 730 A.2d 1138 (1999); Practice Book §10-50. "[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55, 658 A.2d 172
(1995). "In its ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut NationalBank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "[I]f facts provable under the allegations would support a defense . . . the . . . [motion to strike] must fail." (Internal quotation marks omitted.)Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
In its first special defense, the defendants allege that the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff moves to strike this defense on the grounds that it is not a recognized special defense and that this court "denied Earthgro's claims under this theory [of legal insufficiency] in denying Earthgro's motion to strike [the plaintiff's complaint] on August 11, 1999.
Several other superior court judges have stricken special defenses that state that the plaintiff has failed to state a claim upon which relief can be granted. "The weight of authority in superior court decisions is that a special defense like the one at issue in this case is improper and CT Page 8274 should be stricken." Ayala v. L.B.I. Acquisition Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 417420 (October 1, 1999, Devlin, J.) citing Pozoukidis v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998, Mottolese, J.) (21 Conn.L.Rptr. 382); Smith v. Walsh, Superior Court, judicial district of New Haven at New Haven, Docket No. 406487 (December 24, 1998, Zoarski, J.) (23 Conn.L.Rptr. 557); UnitedTechnology Corp. v. Turbine Kinetics, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 548324 (February 24, 1998, Aurigemma, J.). Furthermore, Practice Book § 10-1 provides in pertinent part that, "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . . The defendant in the present case has failed to allege any facts at all in its first special defense.
Given this court's prior ruling on the defendant's motion to strike the plaintiff's complaint on the ground of legal insufficiency and the failure of the defendant to plead any facts in its first special defense, the plaintiff's motion to strike this defense is granted.
The defendant claims in its second special defense that the plaintiff's claims are "barred by the exclusivity provisions of the Workers' Compensation Act, General Statutes § 31-284 (a)." Practice Book § 10-50 provides in pertinent part: "Facts which are consistent with [the plaintiff's] statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." The defendant's claim is not consistent with the plaintiff's allegations. By the very nature of the plaintiff's allegations that the defendant "knew or should have known" that injury would occur, the plaintiff has pleaded facts consistent with the recognized exceptions to the exclusivity provision of the Workers' Compensation Act. The Connecticut Supreme Court has "interpreted the exclusivity provision of the [Workers' Compensation] [A]ct . . . as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 106, 639 A.2d 507 (1994), rev'd on other grounds, 242 Conn. 255, 698 A.2d 838 (1997). "[T]o escape the exclusivity of the act, the victim of an intentional injury must rely on the intended tort theory or the substantial certainty theory. Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that injury was substantially certain to occur from the act." Suarez v. Dickmont Plastics Corp., supra, 242 Conn. 280.
In this case, the plaintiff is seeking damages under the substantial CT Page 8275 certainty theory, an exception to the Workers' Compensation Act. As such, the exclusivity of the act is not a defense, as the plaintiff is seeking damages under the exception to the act. The plaintiff's motion to strike the second special defense is therefore granted.
The defendant claims in its third special defense that Martinez' death was caused by his own culpable conduct and/or carelessness and negligence." The plaintiff moves to strike this special defense on the ground that a special defense based upon contributory negligence is not appropriate in cases where a plaintiff alleges that a defendant acted intentionally thereby causing injury. "A special defense based on contributory negligence is not appropriate where the plaintiff alleges in the complaint that the defendant intentionally caused the plaintiff's injuries." Langer v. Hoffman Fuel Company of Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 157960 (March 4, 1998, Karazin, J.) (21 Conn.L.Rptr. 477). Langer v. HoffmanFuel Company of Stamford, supra, 21 Conn.L.Rptr. 477, presented the court with a situation similar to the present case. In that case, the plaintiff moved to strike the defendant's special defense which alleged that "the plaintiff was contributorily negligent because he consumed alcohol and smoked cigarettes." The plaintiff had alleged that "the defendant willfully, seriously and intentionally caused the plaintiff serious, permanent and disabling injuries by repeatedly exposing the plaintiff to carbon monoxide and other toxic substances." In finding that this special defense was legally insufficient, the court stated that, "the plaintiff premise[d] his complaint on the intentional, rather than the negligent, conduct of the defendant." Because the plaintiff in the present case has premised his complaint on the intentional conduct of the defendant, the plaintiff's motion to strike the third special defense is granted.
Martin, J.